UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )      Chapter 7
ANN ASHBY                       )
                                )      Bankruptcy No. 05-05779
        Debtor.                 )

          **ORDER RE: MOTION FOR PERMISSION TO PAY LIENS,**
       **AND TO ALLOW AND TO PAY ATTORNEY FEES AND EXPENSES**

     This matter came before the undersigned on April 25, 2006
pursuant to assignment.  Trustee Sheryl Schnittjer appeared with
attorney Eric Lam.  Attorney Dan Childers appeared on behalf of
Eric Lam.  Creditors John and Corrine Ashby appeared without
counsel.  This is a core proceeding pursuant to 28 U.S.C.
§ 157(b)(2)(A),(N), and (O).

                       **STATEMENT OF THE CASE**

     Subsequent to the sale of the bankruptcy estate's interest
in a real estate contract, Trustee seeks authority to pay liens
on the property and to pay attorney fees and expenses.  The
attorney for Trustee, Eric Lam, requests fees based on a one-
third contingent fee agreement.  Creditors John and Corrine Ashby
object to payment of contingent fees to the attorney for Trustee.

                         **FINDINGS OF FACT**

     Debtor filed her Chapter 7 petition on October 11, 2005.
Her schedules disclose an interest in property in Johnson County
valued at $333,507 with a secured claim of $397,000.  The secured
claim arises from a real estate contract with the Gregor Family
Trust.  John and Corrine Ashby, Debtor's parents, have a claim
based on a loan by them to Debtor for $75,000.  Attached to their
proof of claim is a "Loan Agreement" dated March 2, 2005 stating
that the loan is for a down payment on the real estate, described
as "a one hundred acre piece of property in the Schueville, Iowa
area."  The parties now agree the Ashbys' claim is not secured by
the real estate.

     Trustee sold the estate's interest in the real estate
contract by auction, receiving a final bid of $95,000.  She
employed attorney Eric Lam to represent the estate in the
proceedings.  The Application for Approval of Employment of
Attorney discloses that fees for Mr. Lam's services will be "1/3
contingency plus reimbursement of out-of-pocket expenses."  It
states employment of an attorney "is necessary to represent or
assist in any legal matters as they pertain to the administration
of this case."  No further description is given for the type of

legal services Mr. Lam anticipated performing.  The Court approved the Application by Order entered December 21, 2005.  The Application and Order cite 11 U.S.C. § 328(a).

The instant motion seeks permission to pay liens on the auctioned property from the proceeds of the sale.  It also requests allowance of Mr. Lam's fees and expenses and payment of his fees and expenses from Trustee's funds on hand.  Total expenses claimed are $893.12.  Total fees claimed by Mr. Lam are $32,923.16.  This amounts to one-third of the proceeds of the auction sale, $95,000, plus one-third of the amounts recovered as preferences, $800 from Citibank-Sears and $2,969.49 from Keen Footwear LLC.

John Ashby filed an objection.  He states: "I have no objection to his per hour fee and expenses however, this amount of $33,816.28 seems excessive."  Mr. Ashby and his wife, Corrine Ashby, stated at the hearing that they believe that the contingency fee is too high.  They also question whether Mr. Lam, as an attorney, should be paid for performing duties of the Trustee.

Trustee's Exhibit 1 sets out services rendered by Mr. Lam's law firm, Moyer & Bergman, as attorney for Trustee from 12/09/05 through 3/29/06.  This shows a total of 46.73 hours spent for total fees of $8,053.40.  The attorney billing rate is $190 per hour.  Approximately 3 hours is also billed for paralegals at $90 per hour.  Total expenses of $1,392.48 are itemized.

The docket in this case shows that Attorney Lam filed on behalf of Trustee motions to extend time to assume the real estate contract and an objection to Debtor's claim that the property was exempt.  These motions were not resisted.  On December 28, 2005, Attorney Lam learned of an offer by the contract sellers of $15,000 to purchase the estate's interest in the real estate contract.  See Exhibit 1, p. 4.  By January 17, 2006, another party had expressed an interest in making a higher offer.  Id. at p. 6.  By January 28, 2006, the second party had made an offer of $26,000.  Attorney Lam arranged for an auction held on March 10 which subsequently brought a final bid of $95,000.  Closing occurred on April 10, 2006.

## DUTIES OF TRUSTEE

This court has stated that it is "well settled that courts may not compensate an attorney appointed to represent the trustee for services which are statutorily required of the trustee."  In re Gary Fairbanks, Inc., 111 B.R. 809, 811 (Bankr. N.D. Iowa 1990).

2

> The function of an attorney for the trustee is to render to the estate services which cannot and should not properly be performed for compensation by one not licensed to practice law.  While trustees generally perform all ministerial and administrative duties of the estate, it is the responsibility of an attorney appointed to represent the estate to exercise professional skills and expertise beyond the ordinary knowledge and skill of the trustee.  Accordingly, before the attorney for the trustee can be compensated, the court must determine which services performed were truly legal in nature, and which were actually the ministerial duties of the trustee.  The burden is on the trustee to demonstrate that services for which attorneys fees are sought are not duties generally performed without the assistance of counsel. . . . [C]ourts have consistently held that where an application fails to reveal unusual difficulties or extraordinary legal effort on behalf of the trustee, particularly in the performance of the trustee's own statutory duties, fees for counsel should be denied.

Id. (citations omitted).

Routine negotiations regarding sale of real property are properly within the trustee's province.  In re Garcia, 335 B.R. 717, 727 (B.A.P. 9th Cir. 2005).  Preparing notices and advertising for a sale of property and proposed distribution of proceeds generally are ministerial duties of the trustee.  In re Taylor, 66 B.R. 390, 394 (Bankr. W.D. Pa. 1986).  Employment of counsel to assist in a sale of property of the estate does not "give counsel free rein to step into the trustee's shoes and undertake efforts statutorily assigned to the trustee."  Garcia, 335 B.R. at 727.

### § 328 COMPENSATION OF ATTORNEY FOR TRUSTEE

Contingent fees are expressly allowed by the Bankruptcy Code and are beneficial in circumstances where the recognized reasons for contingent fee agreements are present.  Generally, these arise where there are no funds to pay a lawyer, a successful recovery would produce a res from which to pay fees and the chances of success are very uncertain.  Comm. on Prof'l Ethics & Conduct v. McCullough, 468 N.W.2d 458, 461 (Iowa 1991).

> Percentage fee arrangements are expressly condoned by § 328(a) and comport with the Bankruptcy Code's goal of attracting highly qualified professionals to the bankruptcy arena.  Attorneys accept the risk in entering such arrangements that their efforts will not

3

> be rewarded. Contingent fees enable debtors, with their limited means, to avoid legal fees altogether. Successful representation by the lawyer inures not only to [the lawyer's] own benefit, but also increases the assets of the estate and improves the potential recovery of creditors.

In re Benassi, 72 B.R. 44, 49 (D. Minn. 1987).

According to § 328(a), the trustee, with the court's approval, may employ a professional person on any reasonable terms and conditions of employment, including on a contingent fee basis. That section further states:

> [T]he court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

Section 330 of the Bankruptcy Code states that "subject to" § 328, the bankruptcy court may award "reasonable compensation" and reimbursement of actual, necessary expenses to a professional employed by the trustee. "Some courts interpret the 'subject to' language as precluding the court from altering the compensation of a professional employed under § 328(a) based on a 'reasonableness review.'" In re Gilbertson, 340 B.R. 618, 620 (Bankr. E.D. Wis. 2006). These courts strictly construe the "improvidence" standard of § 328(a). See, e.g., In re Coho Energy Inc., 395 F.3d 198, 204-05 (5th Cir. 2004); In re Nat'l Gypsum Co., 123 F.3d 861, 862 (5th Cir. 1997); In re Reimers, 972 F.2d 1127, 1129 (9th Cir. 1992). The court found that a § 330 reasonableness inquiry circumvents the legal standard contained in § 328(a) and was an abuse of discretion in Benassi, 72 B.R. at 49.

In Gilbertson, the court notes that courts in the Seventh Circuit have not gone so far, but consistently state that § 328(a) must be considered with § 330, which authorizes approval of "reasonable compensation." 340 B.R. at 620. One court has stated that where "due to unforeseeable events [the risk of nonpayment] disappears, the court should use its discretion under § 328(a) to reduce the allowance below the original contingent percentage." In re Churchfield Management & Investment Corp., 98 B.R. 893, 899-900 (Bankr. N.D. Ill. 1989). In In re Begun, 162 B.R. 168, 179 (Bankr. N.D. Ill. 1993), the court noted that fees to be paid under § 328(a) are implicitly subject to alteration

4

if, after services are rendered, the terms prove to have been inequitable. The court in <u>Gilbertson</u> concluded:

> Although reducing the professional's contingency fee because the hourly rate looks high in hindsight is clearly not appropriate, when the task proves to be unexpectedly easy and the case settles at an unusually early stage, the contingency fee arrangement becomes "improvident in light of developments not capable of being anticipated," and should be reduced.

<u>Gilbertson</u>, 340 B.R. at 623.

**ANALYSIS**

Mr. Lam has a one-third contingency fee agreement with Trustee approved by the Court under § 328(a). Under that section, the Court considers whether the fee agreement has proved to be improvident in light of developments not capable of being anticipated at the time of the agreement. Arguably, it could be anticipated at the time of Mr. Lam's appointment that competing bids could arise which would result in a recovery for the estate and that could occur within two or three months, which is what happened here. The Court is concerned, however, that the Application to employ Mr. Lam did not specify the type of services Trustee anticipated he would perform. The Court often approves contingent fees for attorneys working to recover property of the estate or entering into litigation on behalf of the estate. In this instance, the attorney's services were aimed at marketing or liquidating property of the estate. This was not apparent to the Court at the time it approved the contingency fee. Had it been, the Court may not have approved a contingency fee. In the future, the Court will require more specificity regarding the nature of services to be rendered by an attorney for a trustee in the Application for employment.

The Court has reviewed the docket in this case and Mr. Lam's itemization of services performed set out in Exhibit 1. At the time of Mr. Lam's employment, deadlines were expiring for objections to exemptions and for assumption of executory contracts, both of which were critical to the estate making any recovery from the real estate contract. Trustee had been unable to market the contract and the consensus among the knowledgeable parties at the time was that the contract was worthless. At that point, Trustee needed the services of an attorney and properly applied for Mr. Lam's appointment. This was not the run-of-the-mill situation where the Trustee could liquidate property of the estate without the assistance of counsel.

5

The Court concludes that, in these circumstances, the one-third contingency fee agreement is not improvident under § 328(a). No developments have arisen which were not capable of being anticipated at the time Trustee applied to employ Mr. Lam and the Court approved the employment. But for Mr. Lam's efforts, the estate may have recovered nothing from the real estate contract. The Court believes, however, that the amount of fees requested should be reduced based on Mr. Lam performing some of the duties statutorily required of Trustee. Exhibit 1 sets out descriptions of his legal services. A significant portion of his services can be categorized as performance of trustee duties, such as arranging and conducting the auction, advertising the auction, and preparing for the closing.

Appointment as attorney for trustee does not give the attorney carte blanche to assume the statutory duties of the trustee. Trustees receive fees based on a percentage of the funds collected from property of the estate. These fees remunerate the trustee for performing the duties required by the Bankruptcy Code. Mr. Ashby argued at the hearing it was unfair that Trustee and Mr. Lam would both receive fees for performing Trustee's duties. In this case, the Court concludes that Mr. Lam's contingent fee request should be reduced by 50 percent for his performance of trustee duties as contrasted with legal services.

**WHEREFORE**, Trustee's Motion for Permission to Pay Liens, and to Allow and to Pay Attorney Fees and Expenses is GRANTED IN PART and DENIED IN PART.

**FURTHER**, without objection, Trustee is authorized to pay the liens on the real estate as outlined in the Motion and in Trustee's Report of Closing.

**FURTHER**, attorney fees of $16,461.58 and expenses of $1,392.48 are approved, and Trustee is authorized to pay this amount to Attorney Eric Lam out of estate funds on hand.

DATED AND ENTERED: May 31, 2006

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE